FILED
2025 Oct-31 PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL SHORT,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-CV-01161-MHH |

**JOINT REPORT REGARDING ERISA CASE**

Pursuant to the Court's Order dated September 4, 2025 (Document 15), Plaintiff Michael short and Defendant The Lincoln National Life Insurance Company submit the following joint report:

**(1) Please file the administrative record including the plan document and the summary plan description. If a party challenges the accuracy or completeness of the current administrative record, what is the basis for the challenge?**

**PLAINTIFF'S RESPONSE**: The question of what accurately constitutes the ERISA "administrative record" for this claim remains open, subject to the completion of discovery on this issue to ensure the Court has a complete "record" before it as the Department of Labor and Eleventh Circuit precedents define it. Categories of items known to be missing at this time include the claims

manual and procedures expressly made part of Plaintiff's appeal. Plaintiff likewise contends that Lincoln was aware of, and had access to, relevant records during the course of Mr. Short's claim administration which it failed to include in the record it has since identified to Plaintiff, and that such records should be part of the ERISA record pursuant to Eleventh Circuit precedent. Plaintiff Counsel also has reason to believe based on the way the administrative process was conducted that additional materials should likewise be part of the record before the Court, including internal correspondence or emails exchanged with lawyers or Defendant's inhouse legal department during the administration of the claim possibly additional emails between Lincoln employees and vendors which were generated during the course of the administration of this claim. These issues may be resolved easily and quickly through the issuance of targeted document production requests.

**DEFENDANT'S RESPONSE:** The Administrative Record being filed with the Court contemporaneously with the submission of this Report includes Lincoln's claim file for Plaintiff's long-term disability ("LTD") claim as well as a copy of the group LTD policy and certificate. Lincoln is neither the employer nor the Plan Administrator for the subject plan and thus does not possess the Summary Plan Description. Defendant otherwise denies the legal conclusions and factual allegations asserted in Plaintiff's Response above and in his Complaint.

**(2) If the court finds liability under ERISA, do the parties agree on the amount due, taking into consideration offsets? If so, state the amount. If not, each party SHALL explain the amount it proposes.**

The Parties agree that if benefits are awarded by the Court, the amount due to the Plaintiff would be the past due monthly LTD benefits from July 28, 2024 through the date of judgment or until July 27, 2026, whichever date is earlier, with a remand to Defendant to consider whether additional benefits should be awarded under the policy provisions. As to the amount of benefit at issue, Plaintiff's gross monthly LTD benefit is $1,701.35 (50% of the $3,402.69 monthly salary). Additionally, the monthly disability benefits awarded from the Social Security Administration constitute an offset to benefits under the terms of the Policy.

Plaintiff contends pre-judgment interest should be included at 1.5% per month pursuant to Ala. Code § 27-1-17(c) under Eleventh Circuit authority. Plaintiff would also be seeking an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

Defendant disputes that the rate of pre-judgement interest cited by Plaintiff, above, would be appropriate for this case. Defendant further disputes that Plaintiff would be entitled to attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

**(3) Does plaintiff seek benefits only pursuant to 29 U.S.C. § 1132(a)(1)(B)?**

Plaintiff seeks an award of benefits plus pre-judgment interest, or remedies available under 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). Currently, Plaintiff does not intend to assert entitlement to injunctive or other equitable reliefs that are in addition to the foregoing.

**(4) Do the parties agree that the case should be decided on the administrative record alone? If not, what additional presently available evidence should be considered, and why?**

**PLAINTIFF'S RESPONSE**:

Plaintiff is unable to answer this question because at this stage of this case it is not known whether the entities or persons who exercised control over Plan assets and participated in the denial of Plaintiff's claim (assuming discretion is indeed attached to that denial) are the same as that entity identified below by the Defendant as the recipient of a discretionary grant from the Plan. If a de novo standard applies and this discretionary grant is inapplicable, the Court's review of the claim decision's merits will not be confined by the ERISA administrative record. *Kirwan v. Marriot Corp.*, 10 F.3d 784, 789-90 (11th Cir. 1994).

Second, if there was a valid grant and concomitant exercise of discretionary authority, the Court still would not be able to decide this case on the ERISA

administrative record alone because of the Defendant's financial conflict of interest. Because of that conflict, the Court in that instance will be called upon to consider conflict evidence mandated by *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) not found in the ERISA administrative record.

**DEFENDANT'S RESPONSE**:

Defendant maintains that this case should be decided on the Administrative Record alone, and no additional discovery should be permitted in this case. Defendant further states that the Plan expressly grants Lincoln discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan; that Lincoln made such a determination through its agents; and the alleged procedural issues do not change the standard of review.

**(5) If any party believes that discovery is needed, describe the nature of the discovery and the amount of time needed to complete it.**

**PLAINTIFF'S RESPONSE**: Discovery is needed on the following subjects: (i) defendant's internal guidelines and procedures, (ii) service agreements and other documents generated or exchanged between defendants or third parties, such as third party medical reviewers, involved in Plan administration for this claim, (iii) information about the completeness or incompleteness of the ERISA administrative record; and (iv) the level of the *actual* (as opposed to merely

structural) conflict of interest under which the fiduciaries were acting when this claim was decided.

**DEFENDANT'S RESPONSE:**

Defendant's position is that additional discovery beyond production of the Administrative Record is neither necessary nor appropriate in this action. There is no need for discovery on whether Defendant operates under a "structural conflict of interest" as Lincoln agrees that it both insures benefits and administers claims under the Plan. But to the extent extra-record discovery is permitted, such discovery should be limited to narrowly tailored written discovery requests.

**PARTIES' JOINT STATEMENT**: Subject to their positions above, the parties agree that discovery can be completed by **May 22, 2026**.

**(6) What is the proper standard-of-review?**

**PLAINTIFF'S POSITION:** The proper standard of review cannot be ascertained without additional information at this stage of this case. Specifically, it is not currently known whether the entities or persons who exercised control over Plan assets and participated in the denial of Plaintiff's claim are the same as that entity identified below by the Defendant as the recipient of a discretionary grant from the Plan. If the entity that exercised authority or control over the decision (and thus is the entity that is "responsible for the alleged ERISA violation") is not the same entity to which that alleged grant has been given, the court must review

the claim decision under a de novo standard. *See Anderson v. Unum Life Ins. Co. of Am.*, 414 F. Supp. 2d 1079, 1100 (M.D. Ala. 2006).

Further, Defendant bears the burden of proving entitlement to anything other than a *de novo* review standard, and should be required to satisfy that burden before this question should be resolved.

**DEFENDANT'S POSITION:** The arbitrary and capricious standard will apply as the relevant plan document contains sufficient language to invoke that standard of review, as set forth below:

> Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding. (See Joint Stipulated Record, Exhibit 1 at Lincoln/Short 055)

**(7) Does Plaintiff contend that a decision-maker whose decision is contested, operated under a structural conflict-of-interest? If so, please provide the authority on which the argument rests.**

**RESPONSE:** The Parties agree that Defendant is responsible for making benefit determinations and paying benefits that are due under the terms of the Policy.

**(8) Does the defendant assert a defense of plaintiff's alleged failure to exhaust administrative remedies? If so, please provide the authority on which the defense rests.**

It is Defendant's position that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). However, Defendant specifically denies, that administrative remedies were necessarily exhausted by Plaintiff with regard to any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of his claim or during the administrative review process.

**(9) Does either party believe that the liability question cannot be finally disposed of upon cross-motions by the parties on a written record? If not, explain.**

The Parties agree that the liability question can be finally disposed of upon cross-motions by the parties on a written record. As such, it is anticipated by the Parties that, if this case is not settled through informal discussions or mediation, the claim will be resolved with Cross Motions for Summary Judgment.

**(10) Does any party want to mediate?**

The parties will engage in good-faith settlement efforts to resolve this matter but do not seek mediation at this time.

Respectfully Submitted,

s/ *M. Clayborn Williams*

**M. CLAYBORN WILLIAMS**
Attorney for Plaintiff
**THE MARTIN LAW GROUP, LLC**
P.O. Box 20087
Tuscaloosa, AL 35402
PH: (205) 343-1771
FX: (205) 3431781
Email: clay@erisacase.com

AND

*/s/Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com